IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| TAMARA PETERSON | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:17-cv-258-B-BN |
| | § | |
| UNITED CAPITAL FINANCE | § | |
| ADVISORS, LLC, ET AL., | § | |
| | § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

On January 27, 2017, Plaintiff Tamara Peterson filed a *pro se* complaint against Defendants United Capital Financial Advisors, LLC and Vantaggio HR, Ltd. and moved for leave to proceed *in forma pauperis*. *See* Dkt. No. 3 & 5. The same day, Peterson also moved "to withdraw [her] case." Dkt. No. 6 (the "Notice"). This action has been referred to the undersigned United States magistrate judge for initial screening under 28 U.S.C. § 636(b) and a standing order of reference from United States District Judge Jane J. Boyle. The undersigned issues the following findings of fact, conclusions of law, and recommendation that, for the reasons stated below, the Court should note that Peterson dismissed this action, technically without prejudice, upon the filing of the Notice unless Peterson moves to withdraw the Notice within the period for filing objections to these findings, conclusions, and recommendation.

**Applicable Background, Legal Standards, and Analysis**

Peterson brings claims under 42 U.S.C. § 1981 for race discrimination and

retaliation and a claim under 42 U.S.C. § 2000e for retaliation. *See* Dkt. No. 3. The right-to-sue letter issued by the Equal Employment Opportunity Commission (the "EEOC") attached to the complaint is dated October 31, 2016, less than 90 days before this action was filed. *See id.* at 15.

Peterson "need not exhaust her administrative remedies before filing suit under § 1981." *Staten v. Tekelec*, No. 5:09-CV-434-FL, 2010 WL 3835124, at *3 (E.D.N.C. Sept. 28, 2010) (collecting cases, including *Johnson v. Ry. Express Agency, Inc.*, 421 U.S. 454, 460-61 (1975) ("[T]he filing of an EEOC charge and resort to Title VII's administrative machinery are not prerequisites for the institution of a § 1981 action.")).

But her Section 2000e-based retaliation claim is governed by Title VII's statutory preconditions. *See Bradshaw v. City of Gulfport, Miss.*, 427 F. App'x 386, 387 (5th Cir. 2011) (per curiam) ("Title VII prohibits retaliation by employers against employees who have filed a charge of discrimination. An employment discrimination plaintiff may not, however, bring suit unless he timely files a charge of discrimination with the EEOC. Once the EEOC issues a statutory notice of right to sue, a plaintiff has 90 days to file suit. Importantly, the requirement to file a lawsuit within the 90-day limitation period is not jurisdictional, but rather a statutory precondition to filing suit. As a result, it is subject to doctrines such as equitable tolling." (citations omitted)); *see also id.* at 388 & n.2 (discussing the three "recognized bases for equitable tolling in Title VII cases").

Generally, a filing like the Notice, submitted before service of a complaint, should be construed as a self-effectuating notice of dismissal under Federal Rule of

-2-

Civil Procedure 41(a)(1)(A)(i). *See, e.g., Richardson v. U.S. Bank Nat'l Ass'n*, No. 3:16-cv-2434-N-BN, 2016 WL 5871327, at *2 (N.D. Tex. Oct. 6, 2016) ("A proper Rule 41(a)(1)(A)(i) 'notice of dismissal is self-effectuating and terminates the case in and of itself; no order or other action of the district court is required.'" (quoting *Bechuck v. Home Depot U.S.A., Inc.*, 814 F.3d 287, 291 (5th Cir. 2016) (in turn quoting *In re Amerijet Int'l, Inc.*, 785 F.3d 967, 973 (5th Cir. 2015) (per curiam)); internal quotation marks omitted)). Rule 41(a)(1) provides that the effect of such a notice is "dismissal ... without prejudice .... [u]nless the notice or stipulation states otherwise." FED. R. CIV. P. 41(a)(1)(B).

Here, however, because Peterson's Title VII claim "cannot be timely refiled once dismissed as more than ninety days have elapsed since [she] received [the] right-to-sue letter from the EEOC" dated October 31, 2016, "dismissal of [this] case even without prejudice will operate as a dismissal with prejudice" as to that claim. *Dudley v. Dallas Indep. Sch. Dist.*, No. 3:99-cv-2634-BC, 2001 WL 123673, at *3 (N.D. Tex. Jan. 12, 2001) (citations omitted); *see Berry v. CIGNA/RSI-CIGNA*, 975 F.2d 1188, 1191 (5th Cir. 1992) ("If a Title VII complaint is timely filed pursuant to an EEOC right-to-sue letter and is later dismissed, the timely filing of the complaint does not toll the ninety-day limitations period." (citation omitted)); *see also Tate v. United Servs. Assocs., Inc.*, 75 F. App'x 470, 471 (6th Cir. 2003) (per curiam) ("Although a voluntary dismissal [under Rule 41(a)(1)] ordinarily has the effect of a dismissal without prejudice, that does not exist in this case. The district court was required to dismiss Tate's Title VII claim because the ninety-day limitations period ended on the same day

that Tate filed her first complaint." (citation omitted)); *Barone v. United Airlines, Inc.*, 355 F. App'x 169, 179 n.6 (10th Cir. 2009) ("Under the ADEA, a complainant has ninety days to bring suit after receiving notice of the EEOC's final determination. Barone alleged that she filed suit within this period, but her Rule 41 voluntary dismissal did not toll this limitations period because, as a general rule, a voluntary dismissal without prejudice leaves the parties as though the action had never been brought." (citations and internal quotation marks omitted)).

While the Court should honor Peterson's intent to dismiss this action, it is settled law that "*pro se* pleadings must be liberally construed to prevent the loss of rights due to inartful expression." *Marshall v. Eadison*, 704CV123HL, 2005 WL 3132352, at *2 (M.D. Ga. Nov. 22, 2005) (citing *Hughes v. Rowe*, 449 U.S. 5, 9 (1980)); *see also United States v. Ayika*, 554 F. App'x 302, 308 (5th Cir. 2014) (per curiam) (a court has a "duty to construe *pro se* [filings] liberally so that a litigant will not suffer simply because he did not attend law school or find a suitable attorney"). This recommendation is therefore entered to inform Peterson, as a *pro se* litigant, of the consequences of a voluntary dismissal as to her Title VII claim and to provide her an opportunity to withdraw the Notice within the period to file objections to these findings, conclusions, and recommendation.

## Recommendation

The Court should note that Peterson dismissed this action upon the filing of the Notice unless Peterson moves to withdraw the Notice within the period for filing objections to these findings, conclusions, and recommendation.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: March 8, 2017

DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE